UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>v.<br><br>JOSE ROGELIO CANO,<br>    Defendant. | §<br>§<br>§   CRIMINAL ACTION NO:<br>§     3:20-CR-00185-E(8)<br>§<br>§<br>§<br>§ |

### MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Jose Rogelio Cano's Motion for Judgment of Acquittal [and] Motion for New Trial (Cano's Motion)—which seeks a judgment of acquittal or, in the alternative, a new trial. (ECF No. 971). Having carefully considered Cano's Motion; the Parties' briefing; and the applicable law, for reasons that follow, the Court DENIES Cano's Motion.

### I.    BACKGROUND

Cano was charged by second superseding indictment for (i) conspiracy to possess with intent to distribute a controlled substance (count one) and (ii) possession with intent to distribute a controlled substance; aiding and abetting (count six). (ECF No. 47). Cano pleaded not guilty to both counts. (ECF No. 73). The Court conducted a four-day trial in November 2023. Following the close of government's evidence at trial, Cano moved for a judgment of acquittal, but the Court denied the motion. On November 16, 2023, the jury found Cano guilty of the following: (i) conspiracy to possess with intent to distribute a controlled substance (count one) and (ii) possession with intent to distribute a controlled substance; aiding and abetting (count six). (ECF No. 960).

On November 22, 2023, Cano timely filed Cano's Motion; this motion is based on Federal Rules of Criminal Procedure 29 at 33. (ECF No. 971). The government has responded. (ECF No. 977). Cano has filed no reply. Having been fully briefed, Cano's Motion is ripe for consideration.

## II.  LEGAL STANDARDS

### A. Motion for Judgment of Acquittal

A motion for judgment of acquittal under Federal Rule of Criminal Procedure 29 "challenges the sufficiency of the evidence to convict." *United States v. Medina*, 161 F.3d 867, 872 (5th Cir. 1998) (citing Fed. R. Crim. P. 29(a)). In assessing such a motion, the Court must consider the evidence, all reasonable inferences drawn from the evidence, and all credibility determinations in the light most favorable to the jury's verdict. *Medina*, 161 F.3d at 872 (collecting cases). "The standard does not require that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, provided a reasonable trier of fact could find that the evidence establishes guilt beyond a reasonable doubt." *United States v. Loe*, 262 F.3d 427, 432 (5th Cir. 2001). Rather, a judgment should be affirmed "if a rational trier of fact could have found that the evidence established the essential elements of the offense beyond a reasonable doubt." *United States v. Klein*, 543 F.3d 206, 212 (5th Cir. 2008) (quoting *United States v. Westbrook*, 119 F.3d 1176, 1189 (5th Cir. 1997)). Thus, the jury retains the sole authority to weigh any conflicting evidence and evaluate witness credibility. *Loe*, 262 F.3d at 432.

This "inquiry is limited to whether the jury's verdict was reasonable, not whether [the Court] believe[s] it to be correct." *United States v. Oti*, 872 F.3d 678, 686 (5th Cir. 2017). "A jury is free to choose among reasonable constructions of the evidence." *Loe*, 262 F.3d at 432 (internal quotation omitted). "[I]f the fact finder was presented with sufficient evidence to support the

verdict reached, that verdict must be upheld." *United States v. Lucio*, 428 F.3d 519, 522 (5th Cir. 2005). "Any conflicts in the evidence must be resolved in the Government's favor." *United States v. Burns*, 597 F.2d 939, 940-41 (5th Cir. 1979) (citations omitted).

### B. Motion for New Trial

Federal Rule of Criminal Procedure 33 permits the district court to grant a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33; *United States v. Mahmood*, 820 F.3d 177, 190 (5th Cir. 2016). The "interest of justice," moreover, may be determined by the "trial judge's evaluation of witnesses and weighing of the evidence." *United States v. Wall*, 389 F.3d 457, 465–66. (5th Cir. 2004). Although the Court has broad discretion in ruling on a Rule 33 motion, it may not grant a new trial unless "the evidence preponderates heavily against the verdict such that it would be a miscarriage of justice to let the verdict stand." *United States v. Fuchs*, 467 F.3d 889, 910 (5th Cir. 2006). These motions are "disfavored and must be reviewed with great caution." *United States v. Eghobor*, 812 F.3d 352, 363 (5th Cir. 2015). Rule 33 divides motions for a new trial into two categories: (i) motions based on newly discovered evidence and (ii) motions based on "other grounds." Fed. R. Crim. P. 33; *Wall*, 389 F.3d at 466.

### III.   ANALYSIS

### A. Whether Cano Is Entitled to Judgment of Acquittal

Cano argues generally that "there was no reliable evidence" as to counts one and six and that "[n]o witness, exhibit, or other piece of evidence provided proof beyond a reasonable doubt that the Defendant committed each of the elements of the offenses." (ECF No. 971 at 4). In response, the government avers Cano fails to offer any substantive argument in support of Cano's Motion. (ECF No. 977 at 1-2).

Based on the evidence before the jury at Cano's trial, a rational juror could have concluded that he was guilty as charged. At trial, the government presented several witnesses involved in investigating and arresting Cano. The government presented approximately 173 exhibits, which included photographs and video of the corresponding investigation and arrest of Cano. (*See* ECF Nos. 962-963). The evidence was overwhelming as to Cano's guilt. And while Cano testified at his trial, the jury—retaining the sole authority to weigh any conflicting evidence and evaluate witness credibility—was apparently not convinced that his testimony was credible. *See Loe*, 262 F.3d at 432; (ECF No. 960). Because there was sufficient evidence for a rational juror to convict Cano, the Court DENIES Cano's Motion for a judgment of acquittal.

### B. Whether Cano Is Entitled to a New Trial

Cano appears to combine his request for new trial with his above-denied motion for judgment of acquittal—as alternative relief. (ECF No. 971 at 5). In response, the government asserts Cano's Motion for new trial should be denied for the same reasons it argued on the motion for judgment of acquittal. (ECF No. 977 at 2).

Cano presents no "newly discovered evidence" on which to base his motion for new trial. *See* Fed. R. Crim. P. 33; (ECF No. 971 at 5-6). Cano appears to argue that the interest of justice requires granting of a new trial. (ECF No. 971 at 5) ("[t]he Court should weigh the evidence and consider the credibility of the witnesses, rather than simply reviewing the evidence in the light most favorable to the government")). However, Cano provides no briefing as how or why "the evidence preponderates heavily against the verdict such that it would be a miscarriage of justice to let the verdict stand." *Fuchs*, 467 F.3d at 910. Additionally, Cano does not specifically brief the "other grounds" that substantiate his motion for new trial. *See* Fed. R. Crim. P. 33; *Wall*, 389 F.3d at 466.

Considering the quality and quantity of the evidence presented against Cano at his trial, the jury's verdict finding him guilty was consistent with the weight of the evidence before the jury. For these reasons, Cano has failed to show the interest of justice requires his judgment be vacated and that he be given a new trial. The Court DENIES Cano's Motion for new trial.

## IV.  CONCLUSION

For the above reasons, the Court DENIES Cano's Motion in its entirety. (ECF No. 971).

**SO ORDERED**.

Signed this March 27, 2024.

ADA BROWN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS